*WO*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regional Care Services Corporation, an Arizona Corporation; Regional Care Services Corporation Health and Welfare Employee Benefit Plan,<br><br>        Plaintiffs,<br>v.<br><br>Companion Life Insurance Company,<br><br>        Defendant. | Case No. CV-10-02597-PHX-LOA<br><br>**STIPULATED PROTECTIVE ORDER** |

According to the parties' Stipulation for Protective Order, discovery in this action may involve the production or disclosure of confidential medical or other sensitive personal information and/or documentation.  (Doc. 20)  The Court has considered Ninth Circuit authority in light of the parties' Stipulation which the Court construes as a joint motion for protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Phillips v. Gen. Motors*, 307 F.3d 1206, 1213 (9th Cir. 2002) (the presumption of public access rebutted because "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."); *Torres v. Goddard*, 2009 WL 981077 (D.Ariz. 2009).

After considering all relevant factors, including "the public interest in understanding the judicial process and whether disclosure of the [confidential] material could result in improper use of the material for" inappropriate or illegal purposes, *Hagestad v. Tragesser*,

289305-2

49 F .3d 1430, 1434 (9th Cir. 1995); Rule 26(c), Federal Rules of Civil Procedure, and good cause appearing,

**IT IS ORDERED** that the parties' stipulation for protective order, doc. 20 is **GRANTED.**

**IT IS FURTHER ORDERED** as follows:

I. The following definitions shall apply to this Order:

A. "Material" shall mean all documents, records, tangible materials, testimony, responses to discovery, and other information, produced, served, disclosed, or filed in this action, including, without limitation, all copies, excerpts, and summaries.

B. "Confidential Information" shall mean: 1) any and all medical information concerning any individual party or non-party; 2) the social security or other tax identification numbers of any individual party or non-party; and 3) any documents, records or information of a non-party that was obtained by a party based upon a written confidentiality agreement or a protective order entered by a court of competent jurisdiction.

C. "Designator" shall mean any Party designating Material as containing Confidential Information.

D. "Counsel" shall mean counsel who have entered an appearance for the Parties, members of their firms, associate attorneys, and paralegal, clerical, and other regular employees of such counsel.

E. "Approved Third Parties" shall mean copy services retained by Parties' counsel for the preparation of this action, certified court reporters, videographers transcribing or filming depositions or testimony involving such Confidential Information, and non-party witnesses who may be examined and may testify concerning Confidential Information.

F. "Independent Advisors" shall mean consultants and other experts retained by counsel and/or any Party to assist in this action.

II. Confidential Information shall be subject to the following restrictions:

A. Confidential Information shall not be given, disclosed, summarized, described, characterized or otherwise communicated or made available to anyone except those specified in subparagraph II(B) of this Order.

B. Except as provided by subparagraph II(C), Confidential Information may be disclosed, in accordance with paragraph III of this Order, only to:

1. Counsel;

2. The Parties;

3. The Court, court personnel, court reporters, and jurors;

4. Independent Advisors;

5. Approved Third Parties;

6. Witnesses called to give testimony; and

7. Any other person upon order of the Court or to whom the Designator and Parties agree in writing.

C. Pursuant to Local Civil Rule 26(c), Confidential Information used as exhibits to or incorporated in any other manner in briefs, memoranda, deposition transcripts or other documents filed with the Court shall be protected as follows: To the extent that any brief, memorandum, deposition transcript or other document submitted to the Court incorporates or refers to the substance of any information contained in any designated Confidential Information, the party filing such brief, memorandum, deposition transcript or other document or portion thereof shall file a motion or stipulation to seal pursuant to Local Civil Rule 5(g).

III.    Approval for access to Confidential Information:

A. Each person to be given access to Confidential Information pursuant to this Order (except those identified in subparagraphs II(B)(1) and (3) of this Order) shall be provided with a copy of this Order and shall be told that: (1) the Confidential Information is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms of this Order; and (2) the violation of the terms of the Order may subject the person to punishment for contempt of a Court order.

B. Except as provided in subparagraph C, below, any person given access to Confidential Information (except those identified in subparagraphs II(B)(1), (2) and (3) of this Order) must first read this Order, and acknowledge in writing that he or she is bound by this Order and subject to the jurisdiction of this Court for enforcement of this Order by signing **Exhibit A**.

C. If Confidential Information is to be disclosed to a witness, the party seeking to protect the material may seek to obtain the witness' acknowledgement that he or she is bound by and subject to the terms of this Order and the Court's jurisdiction for purposes of enforcement of this Order, and the witness' consent may be made on the record and under oath, rather than in writing, and any objection may also be made orally. If the witness does not consent, the Confidential Information shall not be disclosed pending resolution of any objections.

D. Any Independent Advisor or non-party witness or employee, in addition to certifying that he or she has read this Order and manifests his or her assent to be bound thereby by signing **Exhibit A**, shall return all Confidential Information to the Party that retained him or her following the termination of his or her services.

E. Each individual who receives any Confidential Information shall maintain such information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with this Order's provisions.

IV. Confidential Information shall be designated as follows:

A. In the case of documents or other tangible Materials, such as videotapes or computer diskettes, the documents and Materials are to be unobtrusively marked by the Designator as "CONFIDENTIAL" with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page or item containing Confidential Information.

B. All documents made available for inspection shall be treated as Confidential Information until copies are produced. Once specific documents have been selected for copying, any document containing Confidential Information may be marked before delivery to the Party who inspected and selected the documents.

289305-2

C. A Party shall not waive the right to designate documents as Confidential Information by reason of making the documents available for inspection before they are copied and marked pursuant to this procedure.

D. In the case of written discovery responses, designation may be made by placing the words "CONFIDENTIAL INFORMATION," with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page of any such response, or by serving responses containing such information in a separate document where the entirety of such response is to be designated.

E. In the case of depositions or other testimony, designation of the portion of the testimony (including exhibits) that contains Confidential Information shall be made by a statement on the record before the end of each day in which the testimony is concluded, or by a written statement sent to all counsel within 15 business days after receipt of the transcript of such testimony.

F. If the designation is made during a deposition, only persons to whom disclosure of Confidential Information is permitted under paragraph II of this Order shall remain present while Confidential Information is being used or discussed, and the court reporter shall bind the transcript in separate portions containing the non-confidential material and Confidential Information. If, during the course of a deposition, the response to a question would require the disclosure of Confidential Information and unauthorized persons are present, the witness may refuse to answer for the Party whose Confidential Information would be disclosed. Counsel may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

G. The court reporter shall place the words "CONFIDENTIAL INFORMATION" on the cover of the relevant portions of the transcript.

H. Any court reporter or videographer who transcribes or videotapes testimony at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes,

289305-2

videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to any attorney of record or filed under seal in this District Court. The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations.

V. The Parties may challenge the designation of Confidential Information under certain circumstances:

A. No Party concedes that any material designated by any other person as Confidential Information contains trade secrets or non-public, commercial, financial, or business information, or has been properly designated as Confidential Information. A Party's failure to challenge a designation of "Confidential Information" may not be deemed an admission or concession that the designation is proper.

B. A Party may challenge a Designator's designation of "Confidential Information" at any time by making application to the Court that the Confidential Information not be treated as such. In any such application to the Court, the burden of justifying any designation shall be on the Designator. Before seeking any relief from the Court under this paragraph, the objecting Party and Designator shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document. A Party shall not be obligated to challenge the propriety of a "Confidential Information" designation at the time made, and a failure to do so does not preclude a subsequent challenge thereto. In the event a motion is filed pursuant to this paragraph, the Confidential Information in question shall remain subject to this Order, until the Court rules on the motion.

C. Any Designator may, at any time, withdraw the designation of "Confidential Information" for any or all of what it has designated as such.

D. This Order may be altered or modified only by agreement of counsel for all Parties in writing, including on a transcript or by the Court.

VI. If any information that a Party claims in good faith is "Confidential Information" is inadvertently disclosed to a receiving Party without being properly designated as Confidential Information, the Designator may notify each receiving Party in

writing as soon as reasonably possible after becoming aware that the Confidential Information was not properly designated. The notification shall identify with specificity the material to be designated Confidential Information. Upon receipt of written notice as provided by this Order, the receiving Party shall mark the original and all known copies of the material with the property designation and treat the information as "Confidential Information" under this Order. To the extent that protected information may have been disclosed to a person other than an authorized person, the Party shall inform the Designator and make every reasonable effort to retrieve the information and avoid any further disclosure to non-authorized persons.

VII.   Within ninety (90) days following the conclusion of this action, including the exhaustion of post-judgment motions, any appeals, or the expiration of time for taking such appeals, all material designated as, or reflecting, Confidential Information and all copies of them (other than material filed with the Court), shall be returned by counsel for the receiving Party to counsel for the Designator or alternatively be destroyed with a certificate provided from the attorney of record certifying destruction.

VIII. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order through a period of thirty days following the return or destruction of material as described in paragraph VII.

IX.   Each Party and person bound by this Order may move for modification of this Order for good cause on notice in writing to the Parties.

X.   Neither this Order nor any designation made pursuant to this Order shall in any way restrict the right of any third-party to seek production in any other action or forum of Materials designated as Confidential Information in this action.  If Confidential Information is produced pursuant to such request, however, the producing Party will immediately notify the other Party.

XI.   Nothing in this Order shall affect in any way the admissibility of any document, tangible thing, testimony, or other evidence at trial, nor shall it prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or evidence subject to this Order. Nothing in this Order shall prejudice

289305-2

in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery.

XII. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

A. At the time of disclosure hereunder, was already lawfully in the possession of the receiving Party and was not acquired under any obligation of confidentiality; or

B. At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving Party, a public document or publicly available.

XIII. This Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that Party may consider appropriate.

XIV. In stipulating to this Order, no Party has waived any applicable privilege or work-product protection, and this Order shall not affect the ability of a Party to seek relief from inadvertent disclosure of material protected by privilege or work product protection.

XV. No Party to this action, by entering into this Order, by designating certain material as Confidential Information under this Order, or by acquiescing in any other Party's or third-party's such designation, admits anything relative to the confidential status and/or trade secret status of such information.

XVI. The parties, by and through counsel, have agreed to be bound by the terms of this Order and have stipulated that the Court may enter this Order in the form presented.

On the Court's own motion,

**IT IS FURTHER ORDERED** that, except as otherwise ordered by the Court, any documents used as an exhibit at trial or during any public hearing in the course of this action shall no longer be deemed to be Confidential Information pursuant to this Order. The Court retains the authority, *sua sponte* or for good cause shown, to modify the provisions of this Order or to determine that any documents or information designated as Confidential Information shall no longer be protected by the provisions of this Order.

The Parties shall give reasonable notice to the Court and lead counsel for each party or other person designated by a party in writing, if they intend to use any Confidential Information as evidence during the trial or at any public hearing so that an appropriate stipulation in writing may be reached or any party may apply to the Court for appropriate protective procedures consistent with the Local Rules of this District Court and applicable precedent, which may include in camera review of Confidential Information, sealing portions of transcripts containing or discussing Confidential Information and/or excluding persons from the courtroom when Confidential Information is shown or discussed. Any party may timely object to any proposed protective procedure, and the Court will rule on the proposals and any objections prior to the trial, ruling on a dispositive motion, or conducting a public hearing.

Dated this 16th day of March, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge

# EXHIBIT A

## *WRITTEN ACKNOWLEDGMENT*

Dear Counsel:

1. I certify, under penalty of perjury, that I have read the Protective Order in *Regional Care Services Corporation and Regional Care Services Corporation Health and Welfare Employee Benefit Plan v. Companion Life Insurance Company,* Case No. 2:10-cv-02597-LOA, in the United States District Court in and for the District of Arizona; and I understand that I am subject to the jurisdiction of this Court for enforcement of the Protective Order.

2. I hereby manifest my assent to be bound by the Protective Order by signing this Exhibit A. I shall maintain such information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of the Protective Order, and shall, within thirty days, return all Confidential Information, as defined in the Protective Order, to the Party that provided the Confidential Information to me upon request by that Party.

3. I hereby acknowledge that: (1) the Confidential Information is being disclosed pursuant to and subject to the terms of the Protective Order and may not be disclosed or used other than pursuant to the terms of the Protective Order; and (2) the violation of the terms of the Protective Order may subject me to punishment for contempt of a Court order.

4. I have not and will not divulge, or undertake to divulge, to any person or recording device, any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

_____
Telephone No.: (_____) _____        Date: _____

289305-2