**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regional Care Service Corporation, an Arizona corporation; Regional Care Services Corporation Health and Welfare Employee Benefit Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>Companion Life Insurance Company,<br><br>Defendant. | No. CV-10-2597-PHX-LOA<br><br>**ORDER** |

This matter arises on Defendant's Motion to Extend Discovery Deadlines *etc.*, which also includes a request to extend the dispositive motion and cross-motion deadlines, seeking an extension of the Rule 16 deadlines from November 30, 2011 to January 20, 2011 on discovery, the dispositive motion deadline from December 30, 2011 to February 24, 2012; and extend the Cross-Motion for Summary Judgment deadline from January 31, 2012 to March 23, 2012. (Doc. 56)

The Motion indicates "[c]ounsel has encountered difficulties in locating certain necessary third-party witnesses and compelling their depositions. The witnesses in this case are spread across the country in Casa Grande, Arizona; Yuma, Arizona; Cape Coral, Florida; and New Mexico." (*Id.* at 2) It also informs the Court that "[D]r. John and Jesica Gietzen (through counsel, Steve Guy with Snell & Wilmer), have indicated that they are not available for depositions until the first week of December, and that they will move for a protective

order if counsel seek their depositions before that time." (*Id.*) According to an attached email, Plaintiffs' counsel does not oppose an extension of the discovery deadline. (Doc. 56-1, Exhibit A at 2)

At the January 27, 2011 scheduling conference, the Court stressed to counsel that the deadlines in the scheduling order were "**real, firm**, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq*., **will not be altered** except upon a showing of good cause and by leave of the assigned trial judge." (Doc. 17 at 2) (emphasis in original; footnote omitted). Further, counsel were notified that "[t]he Court intends to enforce the deadlines in this Order. Counsel should plan their litigation activities accordingly." (*Id.*) With this firmness in mind and the active participation of counsel, the Court fashioned mutually agreed-upon deadlines for the fair and reasonably expeditious resolution of this case which were, in fact, more generous that the discovery and dispositive motion deadlines initially requested in the parties' proposed Joint Case Management Report, doc. 14, filed on January 18, 2011.

Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992). A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id*. at 608; Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). "Good cause" means the Rule 16 scheduling deadlines cannot be met despite the party's diligence, citing Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). *Id*.

Glaringly absent from Defendant's extension request is a demonstration of the due diligence exercised by Defendant to comply with the scheduling order's November 30, 2011 discovery deadline. The sterile docket reflects that no substantive depositions were taken before November 2, 2011 when a flurry of deposition notices and amended notices were filed setting depositions for mid-November, 2011. (Docs. 47-54) Defendant's extension motion was filed on November 14, 2011 when it became apparent that by waiting to the last

month to conduct deposition discovery, Defendant encountered unexpected difficulties to meet the discovery deadline.

Counsel have known since, at least, late January, 2011, that the Ninth Circuit and its district courts require the Rule 16 deadlines "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). As this Magistrate Judge has previously written by analogy to Rule 4(m), "[t]o hold that good cause has been shown here 'would allow the good cause exception to swallow the rule.'" *Williams v. City of Mesa*, 2010 WL 2803880, * 1 (D.Ariz. Jul 15, 2010) (quoting *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)). "In these days of heavy case loads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Hostnut.Com, Inc. v. Go Daddy Software, Inc.*, 2006 WL 1042335, * 1 (D.Ariz. April 19, 2006) (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (internal quotation marks omitted). "The parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . . ." *Id*. See also, *Gomez-Silva v. Jackson Nat. Life Ins. Co.*, 2011 WL 1656507 (D.Ariz. May 03, 2011) (motion for summary judgment untimely filed beyond the dispositive motion deadline and Plaintiff has not shown good cause for extending the deadline. Plaintiff's motion was stricken); *Rogers v. Brauer Law Offices*, PLC, 2011 WL 3665346 (D.Ariz., August 22, 2011) (discovery motion filed two months after the close of discovery untimely); *Ross v. Excel Group Flexible Ben. Plan*, 2008 WL 4567229 (D.Ariz. Oct.14, 2008) (plaintiff's motion to compel denied because his discovery requests were untimely filed less than 30 days before the Rule 16 completion of discovery deadline).

Accordingly,

/ / /

/ / /

/ / /

**IT IS ORDERED** that Defendant's Motion to Extend Discovery Deadlines etc., doc. 56, is **DENIED**.

Dated this 21st day of November, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge