**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regional Care Services, an Arizona Corporation; Regional Care Services Corporation Health and Welfare Employee Benefit Plan,<br><br>   Plaintiff,<br><br>vs.<br><br>Companion Life Insurance Company,<br><br>   Defendant. | No. CV-10-2597-PHX-LOA<br><br>**ORDER** |

   This matter is before the Court on Plaintiff's Motion to Quash the Subpoena of Toni Lavor. (Doc. 68) Defendant has filed a response in opposition to the motion, doc. 77, to which Plaintiff has replied, doc. 80.

   On November 28, 2011, the Monday after Thanksgiving, Plaintiffs moved to quash the subpoena served on Plaintiffs' former employee, Toni Lavor, on November 23, 2011, to appear for a deposition on Tuesday, November 29, 2011. Pursuant to Fed.R.Civ.P. 45(c)(3), Plaintiffs argue that the subpoena failed to allow for a reasonable time to comply and/or subjected Ms. Lavor to an undue burden. Plaintiffs note that the subpoena was served on the evening before Thanksgiving, and demanded that Ms. Lavor appear for her deposition and produce documents the following Tuesday, November 29, 2011. In view of the intervening holiday and weekend, Plaintiff argued that Defendant essentially gave Plaintiff only two days to assemble the requested documents, rearrange her schedule to appear for the deposition, and

prepare for the deposition.

On November 28, 2011, the day the motion was filed, the Court stayed the ruling on the Motion to Quash, and ordered the parties to submit briefing on the motion. The parties have filed such briefing. The parties set forth, at great length, their communications pertaining to scheduling Ms. Lavor's deposition within the November 30, 2011 discovery deadline. The November 30, 2011 deadline for completing discovery was established during the January 3, 2011 Rule 16 scheduling conference with the Court. Plaintiffs assert that, although Defendant has been aware of the discovery deadline since January 3, 2011, and has been aware of Ms. Lavor since January 26, 2011, Defendant waited until less than thirty days before the discovery completion deadline to arrange Ms. Lavor's deposition.

On the other hand, Defendant's counsel, asserts that as early as April 28, 2011, he had a telephone conference with Plaintiff's counsel regarding scheduling depositions in this matter. (Doc. 77 at 4) However, Defendant did not request to depose Ms. Lavor until November 3, 2011. (Doc. 77 at 5) On November 11, 2011, the parties had a telephonic conference regarding Ms. Lavor's deposition during which Plaintiffs' counsel suggested dates for Ms. Lavor's deposition in mid-December. Plaintiffs' counsel also stated that, although he would not stipulate to extending the November 30, 2011 discovery deadline, he would not oppose a motion for extension. (Doc. 68 at 2) The parties also discussed whether Plaintiffs would produce Ms. Lavor for a deposition on Tuesday, November 29, 2011 in Las Cruces, New Mexico. Plaintiffs' counsel contends that he did not promise to produce Ms. Lavor on that date, but merely indicated that he would inquire whether Ms. Lavor would appear for her deposition on November 29, 2011. Defendant's counsel interpreted the conversation differently. He understood that Ms. Lavor was amenable to being deposed on that date and that Plaintiffs' counsel would assist in scheduling her deposition. (Doc. 77) Thereafter, Defendant moved to extend the discovery deadline.

On November 21, 2011, the parties participated in a telephonic conference with the Court to discuss Defendant's Motion to Extend Discovery Deadline. (Docs. 56, 63) The Court denied Defendant's request. (Doc. 63) On November 22, 2011, the parties again discussed Ms.

Lavor's deposition, and Plaintiffs' counsel indicated that Ms. Lavor would not appear voluntarily due to the short notice.

Thereafter, Defendant issued the subpoena for Ms. Lavor to appear for her deposition on November 29, 2011. Plaintiffs moved to quash the subpoena based on the unreasonable notice. Because the November 29, 2011 deposition date has passed, the motion to quash is moot. However, the issue of Ms. Lavor's deposition remains. The record reflects an apparent inability or unwillingness to cooperate between Plaintiffs' and Defendant's counsel, contrary to the District Court's Standard's of Professional Conduct.[1] While it appears that Defendant waited until almost the last minute to depose Ms. Lavor, Defendant was still within the November 30, 2011 discovery deadline. Plaintiffs' counsel, fully aware of the November 30, 2011 discovery completion deadline, suggested dates for Ms. Lavor's deposition that were *after* the discovery deadline and then refused to stipulate to extend the discovery deadline to accommodate the dates he had suggested. The Court previously declined to extend the discovery deadline, but at that time the parties still had time to complete Ms. Lavor's deposition by the November 30, 2011 deadline. Although the actions of both Plaintiffs' and Defendant's counsel contributed to the inability to depose Ms. Lavor by the November 30, 2011 discovery deadline, the Court finds that Plaintiffs' unwillingness to propose deposition dates that were within the deadline, and unwillingness to assist in scheduling Ms. Lavor's deposition were more significant factors. Although Defendant should not be rewarded for waiting until nearly the last minute to schedule Ms. Lavor's deposition, Defendant's counsel was attempting to comply with the discovery deadline and was stymied by Plaintiffs' lack of cooperation.

In view of the foregoing, the Court will extend the deadline for deposing Ms. Lavor to and including Friday, December 30, 2011.

---

[1] Counsel are also reminded of their certification to comply with the Standards of Professional Conduct with their admission to practice in this District Court, including "14. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts." The Standards of Professional Conduct are located on the District's website, click on link "Attorney Information," and then click on link "Attorney Admissions Information."

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Quash the Subpoena of Toni Lavor, doc. 68, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the deadline for Defendant to depose Toni Lavor is extended to, and including, Friday, December 30, 2011. Plaintiffs must cooperate in scheduling Ms. Lavor's deposition.

Dated this 9th day of December, 2011.

Lawrence O. Anderson
United States Magistrate Judge