**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regional Care Services, an Arizona Corporation; Regional Care Services Corporation Health and Welfare Employee Benefit Plan,<br><br>    Plaintiffs,<br><br>vs.<br><br>Companion Life Insurance Company,<br><br>    Defendant. | No. CV-10-2597-PHX-LOA<br><br>**ORDER** |

This case comes before the Court on the Motion for Leave to File First Amended Complaint, filed on February 1, 2012, by Plaintiffs Regional Care Services, an Arizona Corporation, and Regional Care Services Corporation Health and Welfare Employee Benefit Plan (collectively "Regional Care"). (Doc. 104) Defendant Companion Life Insurance Company filed a response in opposition to the motion, to which Regional Care replied. (Docs. 109, 112) The parties' requests for oral argument on the motion are denied because the briefing is adequate and oral argument would not aid the Court. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); LRCiv 7.2(f). The parties' summary judgment motions are pending for rulings which will be decided by separate order. (Docs. 85, 87) After considering the briefing and the applicable law, the Court denies Plaintiffs' request for leave to file an amended complaint on the ground that Regional Care has failed to exercise due diligence to discover facts to support a tort cause of action for insurance bad faith.

**I. Background**

The Court is again asked to modify the case management order in this case without the requisite showing of good cause. *See Regional Care Service Corp. v. Companion Life Ins. Co.*, 2011 WL 5839546 (D.Ariz. November 21, 2011) (denying Companion Life's Motion to Extend Discovery Deadlines). The Court will not repeat that which it has made plain to counsel at the January 27, 2011 scheduling conference, in the Rule 16 scheduling order, doc. 17, and the November 21, 2011 order denying the request to extend discovery deadlines, except as necessary to explain its ruling on Regional Care's amendment motion.

Generally, this action seeks to recover payment of the substantial medical expenses paid by Regional Care Services Corporation Health and Welfare Employee Benefit Plan, a self-funded ERISA employee benefit plan providing healthcare benefits to the employees of Regional Care Services Corporation d/b/a Case Grande Regional Medical Center and its subsidiaries, against Defendant Companion Life Insurance Company ("Companion Life") which issued an excess loss insurance policy for the plan. (Docs. 1; 14 at 2-3)  Regional Care alleges Dr. John and Jessica Gietzen and their adopted daughter, M.F.G.,[1] non-parties to this lawsuit, were eligible participants in the plan in 2009, and, on May 4, 2010, Companion Life wrongfully denied the claims submitted by the plan's third-party administrator, IEC Group, Inc., d/b/a/ AmeriBen/IEC Group, to Companion Life's agent, Matrix Risk Management Services, LLC. (*Id.*) Companion Life asserts that M.F.G. did not qualify as an eligible dependent under the terms of the applicable stop loss policy, employee benefit plan, or applicable tax codes at the time the medical services were rendered. (Doc. 14 at 3)  Companion Life argues that it has no contractual or other obligation to reimburse Regional Care for claims paid outside of the express language of the plan's documents and, if there is an ambiguity concerning a residency requirement for an employee's adopted child, such ambiguity, omission, or inconsistency must

---

[1] The Court refers to the minor, born in November 1995, doc. 96-1 at 11, as "M.F.G." to safeguard her privacy interests as required by Rule 5.2(a)(3), Fed.R.Civ.P., "[a] rule that establishes a special approach and procedure for granting juvenile anonymity during litigation." *Doe ex rel. Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Chief Judge Kozinski dissenting from denial of *en banc* review).

- 2 -

be construed against Regional Care or their representatives who drafted the plan's documents. (*Id.* at 4)

Regional Care filed the complaint on November 2, 2010, in the Maricopa County Superior Court, alleging breach of contract and seeking compensatory damages. (Doc. 1-1, Exhibit ("Exh.") B at 8-15) Companion Life timely removed the action to this District Court on December 2, 2010, and filed its answer on December 9, 2010. (Docs. 1, 9) All parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 10-11) In the January 27, 2011 scheduling order, and after explaining to counsel that the various deadlines reached by mutual agreement at the case management conference were "**real** [and] **firm**," the Court set deadlines for amending pleadings by Tuesday, May 31, 2011, completing discovery by November 30, 2011, and filing dispositive motions by December 30, 2011. (Doc. 17 at 2) (emphasis in original). In fact, the Court provided the parties a more generous deadline for amending their pleadings than the March 31, 2011 deadline they requested in their Rule 26(f) Joint Case Management Plan. (Doc. 14 at 4)

On February 1, 2012, over eight months after the scheduling order's amendment deadline expired, two months after most discovery closed on November 30, 2011,[2] and while the parties were briefing the pending dispositive motions, Regional Care moved to amend the complaint to add a cause of action of breach of the covenant of good faith and fair dealing ("bad faith" claim) against Companion Life. (Doc. 104 at 1) As a tort claim, Regional Care writes that "[a]llowing the claim for bad faith entitles the Plan with the opportunity to recover punitive damages that it otherwise wound not be entitled to under its breach of contract claim." (*Id.* at 5) Regional Care claims that they "have learned, based on the legal theories and arguments advanced by Companion in its motion for summary judgment, that Companion has intentionally denied the Plan's claim for reimbursement without a reasonable basis[, citing] *Zilisch v. State Farm Mutual Auto. Ins. Co.*, 196 Ariz. 234, 237 (holding that tort of bad faith arises when

---

[2] The Court authorized short extensions to depose Dr. John and Jessica Gietzen on December 8, 2011 in Phoenix, and Toni Lavor in Las Cruces, New Mexico to, and including, Friday, December 30, 2011. (Docs. 67, 81)

- 3 -

insurer intentionally denies or fails to pay claim without reasonable basis)." (*Id*. at 2) Claiming to rely on information in Companion Life's Response to its Motion for Summary Judgment, Regional Care argues nine specific grounds demonstrate that Companion Life breached its duty of good faith and fair dealing owed to Regional Care.[3] (*Id*. at 2)  Regional Care cites Rule

---

[3] Regional Care alleges the following grounds justify amendment of the complaint to assert a first-party bad faith claim, citing *Tucson Airport Auth. v. Certain Underwriters at Lloyd's, London*, 186 Ariz. 45, 48, 918 P.2d 1063, 1066 (Az.Ct.App. 1996) (holding that insurer's wrongful and tortious conduct occurring during the lawsuit is sufficient to plead a bad faith claim):

(1) Denying the Plan's claim on the basis of eligibility knowing that it has no contractual authority under the Stop Loss Contract to determine eligibility under the Plan (*see Zurich North American v. Matrix Services, Inc*., 426 F.3d 1281 (10th Cir. 2005) . . . .;

(2) Ignoring the express terms of the Benefit Plan Document which grant the Plan Administrator sole authority to determine eligibility for benefits (*see Diversatek, Inc. v. QBE Ins. Corp*., 2010 WL 4941733 (E.D. Wis. Nov. 30, 2010) . . . . ;

(3) Denying the Plan's claim based upon eligibility in the absence of any coverage exclusion under the Stop Loss Contract that the policy does not cover claims for persons Companion determines to be ineligible (*see Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 535 (1982) . . . . ;

(4) Relying on a policy provision to deny coverage that its own retained expert has admitted to be unclear and ambiguous (see *Sparks*, 132 Ariz. at 534) . . . . ;

(5) Relying on statements or opinions of persons that Companion knows do not have the authority to make eligibility determinations under the Plan to deny coverage (see, generally *Zurich North American v. Matrix Services, Inc*., 426 F.3d 1281 (10th Cir. 2005) . . . . ;

(6) Relying on "industry standards" to deny coverage instead of reviewing the policy language from an ordinary person's perspective (*see Sparks*, at 537) . . . . ;

(7) Asserting that the Plan Administrator, Ms. Rona Curphy, has breached her fiduciary duty to the Plan by incorrectly determining [M.F.G.] was an eligible dependent under the Plan, despite its lack of standing to allege such breach of fiduciary duty (see 29 U.S.C. § 1132(a)(3) (creating a right of action only for participant, beneficiaries and fiduciaries of benefits plans); and

- 4 -

15(a)(2), Fed.R.Civ.P., relies upon *Aloe Vera of America, Inc. v. United States*, 233 F.R.D. 532 (D.Ariz. 2005),[4] and argues the five Rule 15 factors a court assesses to determine the propriety of an amendment motion justify Regional Care's amendment request, *i.e.*, (1) movant's lack of bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether movant has previously amended its complaint. Nowhere in their motion or reply, doc. 112, do Plaintiffs discuss the good-cause standard or explain why, with the exercise of due diligence, Plaintiffs could not have discovered the grounds to assert a bad faith claim during the 10 months of discovery between the January 17, 2011 scheduling order to the conclusion of discovery on November 30, 2011.

Similarly, Companion Life's response fails to address the good-cause standard and whether Regional Care has exercised due diligence in discovering the basis to assert a bad faith claim. Rather, Companion Life claims that allowing Regional Care to allege a bad faith claim "at the 13th - hour" "[w]ould cause extreme prejudice to Companion in defending against this claim after the close of discovery; . . . ." (Doc. 109 at 1)

**II. Amendment Standards**

---

(8) Asserting that Dr. Gietzen was not an eligible participant under the Plan, despite its own binding admission in its response to requests for admission under Rule 36 that Dr. Gietzen was an eligible Plan participant (*see Praetorian Ins. Co. v. Site Inspection, LLC*, 604 F.3d 509, 514 (8th Cir. 2010) (holding that admissions made in response to requests for admissions are binding on that party)).

(Docs. 104 at 2-3; 112 at 7)

[4] The electronic docket in this case (CV-99-1794-PHX-JAT) does not indicate that the September 19, 2001 scheduling order established a deadline to amend pleadings. (Doc. 84) If a Rule 16 scheduling order does not set such a deadline, "the standards of Rule 15 govern the motions, and the good cause requirement by Rule 16 is inapplicable." *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc*., 2012 WL 718638, * (E.D.Cal. March 5, 2012) (citing *e.g.*, *Santa Clara Valley Water Dist. v. Olin Corp*., 2009 U.S. Dist. LEXIS 23816, at * 12 (N.D.Cal. March 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, [the party] is not required to show good cause for its desire to amend."); *see also Soto v. Castlerock Farming and Transport, Inc*., 2011 WL 3489876, * 2 (E.D.Cal. August 9, 2011).

- 5 -

In federal courts, amendments to Rule 7(a) pleadings involve the applicability of Rules 15 or 16 of the Federal Rules of Civil Procedure and are dependent upon the timing of the amendment request as it relates to the various deadlines established in the pretrial case management order. Rule 15(a)(2) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). Rule 16(b)(4) provides, however, that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

Although Rule 15 generally provides for liberal amendment to pleadings, once a pretrial scheduling order has been entered pursuant to Rule 16(b)(1), an additional showing of "good cause" for amendment must be made if the scheduling order's deadline for amending pleadings has passed. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.") (citation and internal quotation marks omitted); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1274 (9th Cir. 2000) ("Because [plaintiffs] raised the disparate impact theory of liability for the first time at summary judgment, the district court did not err when it did not allow them to proceed on it."); *Kowalow v. Correctional Services Corp.*, 35 Fed.Appx. 344, 346-47 (9th Cir. 2002) (affirming District Court of Arizona's denial of motion for leave to amend complaint filed the day after the discovery deadline, stating plaintiff's "efforts to show good cause for the delay fall short."); *FLIR Systems, Inc. v. Sierra Media, Inc.*, 2012 WL 243690, * 7 (D.Or. January 25, 2012).[5] In the case *sub judice*, because the case management scheduling order established a May 31, 2011 deadline for

---

[5] Citing in footnote 6 *S & W Enters., L.L.C. v. South Trust Bank of Ala., N .A.*, 315 F.3d 533, 535–36 & n. 1 (5th Cir. 2003) (agreeing with the First, Second, Eighth, Ninth and Eleventh Circuits that Rule 16(b) trumps Rule 15(a) when a motion to amend comes after the deadline set forth in a scheduling order).

amending pleadings, doc. 17 at 3, Plaintiffs' ability to amend their complaint is governed by Rule 16(b)(1), not Rule 15(a)(2).[6]

For purposes of Federal Rule of Civil Procedure 16(b)(4), "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609 (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Moreover, a district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the order has been made. *Johnson*, 975 F.2d at 608-09 ("We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend the complaint were treated as a de facto motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion had passed.") (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)) (concluding that district courts may deny as untimely a motion filed after the motion cut-off date established in the scheduling order where no request to modify the order has been made).

The District of Arizona consistently upholds the good-cause standard regarding amending pleadings after the scheduling order's amendment deadline has expired. *Bernal v. Daewoo Motor America, Inc.*, 2011 WL 2174890, \* 2 (D.Ariz. June 2, 2011); *Al-Misehal Commercial Group Ltd. v. Armored Group LLC*, 2011 WL 2080284, \* 2 (D.Ariz. May 26, 2011) ("[I]n light of the fact that Armored Group moved to amend its answer three months after the deadline for amending pleadings, Armored Group has failed to demonstrate diligence in

---

[6] This was explained in footnote 2 in the Court's scheduling order, but, surprisingly, the parties' counsel focus on Rule 15 in their briefing, not Rule 16

- 7 -

attempting to comply with the scheduling order's deadlines. Armored Group has also failed to demonstrate good cause for modifying the scheduling order. "); *Brooks v. Eclipse Recreational Vehicles, Inc.*, 2009 WL 1616017 (D.Ariz. June 9, 2009) (motion to amend complaint to allege a new theory of liability filed 11 days after amendment deadline denied due to failure to show good cause); *Barker v. Hertz Corp.*, 2007 WL 4410253 (D.Ariz. December 13, 2007) (motion to amend *pro se* complaint to add additional parties filed on the day of the Rule 16 amendment deadline denied as "Plaintiff has not shown good cause and offers no valid basis on which to extend the Rule 16 scheduling deadlines."); *Villa v. Brass Eagle, LLC*, 2007 WL 446349, * 1 (D.Ariz. February 7, 2007) (unopposed motion to amend complaint to add punitive damages claim denied when motion filed three months after amendment deadline where "[P]laintiff does not argue that good cause exists for us to alter our scheduling order.").

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert. denied*, ___ S.Ct. ___, 2009 WL 1738654 (2009) (quoting Fed.R.Civ.P. 16 advisory committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *Id.* (citing *e.g.*, Fed. R. Civ. P. 16(c)(2)). Emphasizing the meaningful nature of the Rule 16 deadlines, the Ninth Circuit has made clear that "Federal Rule of Civil Procedure 16 is to be taken seriously. . . ." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

"Pleadings cannot be a continuously moving target for obvious reasons. The amendment deadline serves to frame the issues at a fixed point in time so that the parties have an adequate opportunity to prepare their respective positions moving forward. Even so, the deadline will not entirely foreclose amendments, so long as the standard of good cause is met to warrant the amendment." *Stephens v. Idaho Dept. of Parks and Recreation*, 2011 WL 6150641, * 3 (D.Idaho December 12, 2011) "Here, the proffered reasons for the proposed untimely amendment do not constitute good cause, particularly where a primary element of good cause

is due diligence." *Id*. (plaintiff's motion to amend complaint to allege causes of action for violations of civil rights and bad faith filed nearly six months after amendment deadline denied where the "[r]ecord contains no justification for her failure to uncover these alleged circumstances before [the amendment deadline]."

**III. Discussion**

Absent from Regional Care's amendment motion and reply is any discussion, much less a demonstration, that Regional Care exercised due diligence to comply with the scheduling order's amendment deadline before the Court denied Companion Life's request to extend the dispositive motion and cross-motion deadlines on November 21, 2011. (Doc. 63) The sterile docket reflects that no substantive depositions were taken by either side until Companion Life filed a flurry of deposition notices and amended notices, beginning in mid-November, 2011. (Docs. 47-54, 58-60, 65) In fact, the docket does not reflect that Regional Care initiated any deposition until the parties filed a stipulation on November 23, 2011, to depose Dr. John and Jesica Gietzen on December 8, 2011, eight days after the November 30 discovery deadline expired. The Court granted a limited extension of the discovery deadline to depose the Gietzens, doc. 67, because, in their stipulation, Regional Care's counsel demonstrated the efforts made to contact Dr. Gietzen by telephone and letters, dated October 6, October 11, and October 31, 2011, to schedule the depositions until he was notified by the Gietzens' Phoenix lawyer that Dr. and Mrs. Gietzen were not available for depositions until the first week of December because Dr. Gietzen was sitting for his medical boards during the last week of November. (Doc. 66 at 2)

All of the bad faith cases upon which Regional Care relies to justify an untimely amendment of its complaint were issued and publicly available well-before January 17, 2011 scheduling order was entered, which forewarned counsel that its various "[d]eadlines are **real, firm**, and . . . **will not be altered** except only upon a showing of good cause and by leave of the assigned trial judge." (Doc. 17 at 2) Most of the grounds upon which Companion Life has denied coverage were discovered, or could have been discovered, by simple and timely-filed interrogatories. Moreover, on September 9, 2011, Companion Life disclosed its Third

1  Supplemental Rule 26(a) Disclosure Statement Regional Care, doc. 44, which Companion Life
2  indicates was "[i]ts expert opinion report of Kathy Steadman, Esq.[]" (Doc. 109 at 3) Instead
3  of promptly deposing Companion Life's expert, Regional Care chose not "[t]o depose Ms.
4  Steadman prior to the discovery deadline of November 30, 2011."[7] Regional Care's failure to
5  exercise due diligence to timely discover any additional grounds for Companion Life's denial
6  of coverage over and above those grounds identified in Companion Life's answer and the joint
7  case management report do not warrant an untimely amendment of the complaint at this time.

8        The Court agrees with Companion Life that allowing Regional Care to allege an
9  insurance bad faith cause of action after the close of discovery, especially if it means that a
10 punitive damages claim may also be alleged, would cause significant prejudice to Companion
11 Life in defending against this new claim unless the Court re-opened discovery. "Although the
12 existence or degree of prejudice to the party opposing the modification might supply additional
13 reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
14 modification. . . ." *Zivkovic*, 302 F.3d at 1087. To avoid undue prejudice to Companion Life
15 were the untimely amendment allowed, the Court would need to re-open discovery, which it is
16 not inclined do in a lawsuit that was commenced in November 2010. *Lockheed Martin Corp.*
17 *v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and
18 therefore delay the proceedings supports a district court's finding of prejudice from a delayed
19 motion to amend the complaint.") (internal citation omitted).

20 **IV. Conclusion**

21       "As the torrent of civil and criminal cases unleashed in recent years has threatened
22 to inundate the federal courts, deliverance has been sought in the use of calendar management
23 techniques. Rule 16 is an important component of those techniques." *Bernal*, 2011 WL 2174890
24 at * 2 (quoting *Johnson*, 975 F.2d at 611). "In these days of heavy caseloads, trial courts . . . set
25 schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Id*.

---

27,28    [7] Companion Life's 3-day untimely disclosure of this expert and her report by the scheduling order's September 6, 2011 deadline, doc. 17 at 3, was not an impediment to Regional Care deposing Ms. Steadman by the November 30, 2011 discovery deadline.

(quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)). Moreover, as explained in *Coleman*, "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiffs' allegations." *Coleman*, 232 F.3d at 1292. Similarly, Regional Care's failure to demonstrate good cause that with the exercise of due diligence it could not have discovered Companion Life's alleged bad faith does not warrant granting leave to amend the complaint and altering the scheduling order. *Johnson*, 975 F.2d at 609.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint, doc. 104, is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' requests for oral argument are **DENIED** because the briefing is adequate and oral argument would not aid the Court.

DATED this 26th day of March, 2012.

Lawrence O. Anderson
United States Magistrate Judge