**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regional Care Services Corporation, an Arizona corporation; Regional Care Services Corporation Health and Welfare Employee Benefit Plan,<br><br>   Plaintiffs,<br><br>vs.<br><br>Companion Life Insurance Company,<br><br>   Defendant. | No. CV-10-2597-PHX-LOA<br><br>**ORDER** |

   This case is before the Court on the motions of Plaintiffs Regional Care Services Corporation ("Regional Care") and the Regional Care Services Corporation Health and Welfare Employee Benefit Plan (the "Plan") for Attorneys' Fees and Costs and Motion for Award of Prejudgment and Post-judgment Interest. (Docs. 119-121)  Defendant Companion Life Insurance Company ("Companion") has filed responses in opposition to the motions, docs. 124, 128, to which Plaintiffs have replied, docs. 129, 134. After consideration of this matter, the Court will award Plaintiffs' attorneys' fees in the amount of $180,525.50, prejudgment and post-judgment interest, and Plaintiffs' taxable costs as set forth below.

**I. Background**

   On November 2, 2010, Plaintiffs, an employee welfare benefit plan and its sponsor, filed their Complaint in the Superior Court of Arizona, Maricopa County. (Doc.

1  1-1 at 8-15) Companion removed the action to this District Court on December 2, 2010.
2  (Doc. 1) Plaintiffs alleged breach of contract and sought an award of compensatory
3  damages, prejudgment and post-judgment interest, attorneys' fees and costs pursuant to
4  Arizona Revised Statutes ("A.R.S.") §§ 12-341, 12-341.01. Plaintiffs sued for reim-
5  bursement of $274,181.01 under the Stop Loss Policy for medical claims that exceeded
6  the $150,000.00 deductible incurred by M.F.G, the adopted minor daughter of an
7  Employee Benefit Plan participant. (Doc. 116 at 2) Companion argued that it was not
8  contractually obligated to reimburse Plaintiffs for claims paid on behalf of M.F.G.
9  because she was not eligible under the Employee Benefit Plan, and because the Plan
10 Administrator lacked substantial evidence to support the eligibility determination. (Doc.
11 116 at 2) The parties filed cross-motions for summary judgment.
12         On April 24, 2012, the Court granted summary judgment in favor of Plaintiffs and
13 against Companion. (Doc. 116) The Court granted Plaintiffs all of the relief requested in
14 their Complaint. Plaintiffs now seek an award of attorneys' fees pursuant to A.R.S. §§
15 12-341, 12-341.01, taxable costs, prejudgment and post-judgment interest.

**II. Attorneys' Fees and Non-Taxable Expenses**

    **A. Attorneys' Fees**

18         This action is before the Court on diversity jurisdiction pursuant to 28 U.S.C. §
19 1332. "An award of attorneys fees incurred in a suit based on state substantive law is
20 generally governed by state law." *Lotto Industries, Inc. v. Disabled American Veterans*
21 *Phoenix*, 112 Fed.Appx. 575, 576 (9th Cir. 2004) (citation omitted); *In re Larry's*
22 *Apartment, LLC.*, 249 F.3d 832, 838 (9th Cir. 2001) (stating that "[a]ttorneys' fees may
23 be awarded by a district court when they are part of the state's substantive, rather than
24 procedural, requirements . . . However, when fees are based upon misconduct by an
25 attorney or party in the litigation itself, rather than upon a matter of substantive law, the
26 matter is procedural.") (internal citations omitted). Thus, in this case, Arizona law
27 governs whether Plaintiffs are entitled to their reasonable attorneys' fees.
28         Arizona law authorizes a trial court to award reasonable attorneys' fees to the

- 2 -

prevailing party in contested actions arising out of a contract. A.R.S. § 12-341.01.  Here, there is no dispute that this action was hotly contested. Plaintiffs were the prevailing parties because the Court granted summary judgment in Plaintiffs' favor.  Additionally, Arizona courts recognize that actions arising out of a controversy regarding the meaning and application of an insurance policy fall within A.R.S. § 12-341.01(a). *Nationwide Mut. Ins. Co. v. Granillo*, 117 Ariz. 389, 394, 573 P.2d 80, 85 (Az.Ct.App. 1982). Here, Plaintiffs' claims arose out of the meaning and interpretation of an insurance contract. The Court will exercise its discretion to award reasonable attorneys' fees to Plaintiffs. *G & S Investments v. Bellman*, 145 Ariz. 258, 268, 700 P.2d 1358,1368 (Az.Ct.App. 1984) (holding that "it is the clear intent of [A.R.S. § 12-341.01(A)] that under ordinary circum-stances the successful party in an action which falls under the statute is entitled to recover reasonable attorney's fees."); *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (Ariz. 1984) (holding that the phrase "may award" in § 12-341.01 "vest[s] discretion in the trial court to determine the circumstances appropriate for the award of fees[.]").

The trial court has broad discretion in fixing the amount of attorneys' fees. *Id.* This discretion is limited only to the extent that "such award may not exceed the amount paid or agreed to be paid." A.R.S. 12-341.01(B); *Lacer v. Navajo County*, 141 Ariz. 392, 396, 687 P.2d 400, 404 (Az.Ct.App. 1984). The Arizona Court of Appeals has determined that:

> The beginning point in a development of a reasonable fee is the determination of the actual billing rate which the lawyer charged in the particular matter. This can be distinguished from the traditional measure used in public-rights litigation which is generally referred to as the reasonable hourly rate prevailing in the community for *similar* work. *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C.Cir. 1980). Unlike public-rights litigation, and contingent-fee litigation, for example, in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case.

*Schweiger v. China Doll Restaurant*, 138 Ariz. 183, 187-88, 673 P.2d 927, 931-32

1  (Az.Ct.App. 1983).  Moreover, a prevailing commercial litigant is entitled to recover a
2  reasonable attorney's fee for every item of service which, at the time rendered, would
3  have been undertaken by a reasonable and prudent lawyer to advance or protect his
4  client's interest . . . ." *Id*. 138 Ariz. 183 at 188, 673 P.2d at 932 (citation omitted).

5        Plaintiffs attached an itemized invoice of their attorneys' fees to its application,
6  which calculates $180,525.50 as the amount billed. (Doc. 120-2, Exh. D) Companion
7  opposes attorneys' fees related to Plaintiffs' counsel researching and preparing a claim for
8  bad faith that was not included in the Complaint, and attorneys' fees related to Plaintiffs'
9  unsuccessful motion to quash the subpoena of Toni Lavor.  (Doc. 128 at 3-6)  Companion
10 does not cite any authority in support of its arguments for reducing the attorneys' fees
11 award for the foregoing reasons.  First, Plaintiffs' decision not to seek attorneys' fees
12 pertaining to their unsuccessful motion to amend the Complaint to include a bad-faith
13 claim does not preclude Plaintiffs from receiving their reasonable fees for researching that
14 issue at the inception of this action. (Doc. 120 at 9 n. 1)  The law should encourage,
15 indeed, requires a lawyer to research a claim to determine whether there is a good-faith
16 basis under Rule 11, Fed.R.Civ.P., to allege a claim, regardless whether the claim is
17 actually filed or litigated. A reasonable attorney would have conducted pre-litigation
18 research to determine what claims to pursue whether or not the claim is included in the
19 complaint. *China Doll*, 138 Ariz. at 188, 673 P.2d at 932.  Second, regarding the motion
20 to quash the Lavor deposition, the Court recognizes that it previously found that the
21 actions of the attorneys for Plaintiffs and Companion contributed to the inability to
22 depose Ms. Lavor by the discovery deadline. (Doc. 81 at 3)  Companion does not cite any
23 authority for denying Plaintiffs' attorneys' fees pertaining to the motion to quash the
24 subpoena to depose Ms. Lavor. The fact that a motion was unsuccessful does not
25 necessarily mean that the time expended on that effort is not compensable or is
26 unreasonable. *China Doll*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (stating that "[w]here a
27 party has accomplished the result sought in the litigation, fees should be awarded for time
28 spent even on *unsuccessful* legal theories.") (emphasis added).

1   Consistent with the Court's prior order and LRCiv 54.2(b)(1)-(4), attorney John C.
2 West, the attorney who "had the principal responsibility for the representation of
3 Plaintiffs[,]" submitted an affidavit, detailing his litigation experience since 1979, and
4 that of the other lawyers and paralegal who worked on this case on Plaintiffs' behalf.
5 (Doc. 120-1, Exh. A at 1-6)  He filed another affidavit, confirming that, *inter alia*, "[t]he
6 total amount of fees requested in Plaintiffs' Application for Attorneys' Fees and Costs
7 does not exceed the amount billed and paid by Plaintiffs[.]" (Doc. 120-1, Exh. B, ¶ 5 at
8 25)  Mr. West has also complied with LRCiv 54.2(d)(1) by filing a verified Statement of
9 Consultation "certifying that, after personal consultation and good faith efforts to do so,
10 the parties have been unable to satisfactorily resolve all disputed issues relating to
11 attorneys' fees . . . ." (Doc. 120-1, Exh. C, at 30-31)

12   After consideration of the itemized invoice of its attorneys' fees, the varying
13 hourly rates between $170.00 and $425.00 per hour depending on the experience of the
14 attorney or paralegal performing the legal service, and the other Plaintiffs' filings, the
15 Court determines that Plaintiffs' attorneys' and paralegal's hourly rates, the time
16 expended to complete the itemized tasks, and fees incurred are reasonable and would
17 have been undertaken by a reasonable and prudent lawyer to prosecute this action. There-
18 fore, the Court awards Plaintiffs $180,525.50 in attorneys' fees.

### B. Non-Taxable Costs and Expenses

20   Arizona Revised Statute § 12-341 provides that "[t]he successful party to a civil
21 action shall recover from his adversary all costs expended or incurred therein unless
22 otherwise provided by law." *Id*. Thus, under Arizona law, awarding of costs to the
23 successful party is mandatory. *Multari v. Gress*, 214 Ariz. 557,560, 155 P.3d 1081, 1084
24 (Az.Ct.App.2007).  However, in a federal diversity action, federal law governs Plaintiffs'
25 request for an award of taxable costs. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th
26 Cir. 1995); Fed.R.Civ.P. 54(d)(1); LR Civ. 54.1(a).  Federal Rule of Civil Procedure
27 54(d)(1) provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court
28 order provides otherwise, costs--other than attorney's fees--should be allowed to the

1 prevailing party." *Id.* Plaintiffs request their taxable costs incurred in litigating this
2 action, which totals $2,978.24. (Doc. 119-120)

### C. Prejudgment Interest

#### 1. Entitlement to Prejudgment Interest

In diversity actions, prejudgment interest is determined under state law. *Landsberg v. Scrabble Crossword Game Players*, *Inc.*, 802 F.2d 1193,1200 (9th Cir. 1986); *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) ("In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest."). Under Arizona law, prejudgment interest on a liquidated claim is a matter of right. *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001) (quoting *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 917 P.2d 222, 237 (Ariz. 1996); *Hayden v. Pittendrigh*, 2012 WL 1469042, * 7 (Az.Ct.App. April 26, 2012). However, the "district court has discretion to determine the date of commencement of prejudgment interest." *AHMS*, 258 F.3d at 1103 (citing *Trust Joist Corp. v. Safeco Ins. Co. of Am.*, 735 P.2d 125, 140 (Ariz. 1986) (holding that "the trial court did not abuse its discretion in commencing the prejudgment interest as of [a specified date]"). The parties agree that Plaintiffs' claim is liquidated and prejudgment interest begins when the creditor provides to the debtor sufficient information and supporting data to enable the debtor to ascertain the amount owed. *Id.* Here, Plaintiffs request prejudgment interest from June 11, 2009. (Doc. 121 at 2) Plaintiffs explain that, on that date, Plaintiffs, through third-party administrator, Ameriben, submitted its proof of loss to Matrix, acting as an agent for Companion. Plaintiffs contend that as of that date, Companion had sufficient data to ascertain the amount owed in reimbursement to the Plan under the Stop Loss Policy. (*Id.*)

Companion argues that Plaintiffs' claim was not liquidated on June 11, 2009. (Doc. 124 at 1) Rather, on that date, the Plan had submitted only an "initial" Proof of Loss. (*Id.* at 2) The "initial" Proof of Loss submitted on June 11, 2009 defines the total medical expenses paid on behalf of M.F.G. as $246,423.25 and the Plan sought reim-

- 6 -

1  bursement in the amount of $96,423.25. M.F.G., however, received continuing medical
2  treatment throughout the year of 2009 for which "the Plan paid $424,181.01 for those
3  services between January 1, 2009 and March 31, 2010," with the Plan seeking reim-
4  bursement in the amount of $274,181.01. (*Id.* at 3) The Court agrees with Companion
5  that the claim was not liquidated until March 31, 2010.

### 2. Rate of Prejudgment Interest

Plaintiffs seek prejudgment interest at the rate of 10 percent per annum. Companion argues that the correct rate for prejudgment interest is 4.25 percent. "Before July 20, 2011, the Arizona statutory judgment rate was ten percent per annum." *Phoenix Van Buren Partners, LLC v. Moulding & Millwork, Inc.*, 2012 WL 1190842, * 11 (D.Ariz. April 10, 2012) (citing A.R.S. § 44–1201(A) (2003 & Supp.2010)). Since July 20, 2011, however, the statutory prejudgment interest rate in Arizona changed from 10 percent to the lesser of 10 percent or prime plus one percent. A.R.S. § 44-1201(B); *Phoenix Van Buren Partners*, 2012 WL 1190842, * 11 ("Since that date, the judgment rate is prime-plus-one- percent."). Arizona Revised Statute 44-1201(B) provides that:

> Unless specifically provided for in statute or a different rate is contracted for in writing, interest on *any judgment* shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered. *The judgment shall state the applicable interest rate and it shall not change after it is entered.*

*Id.* (emphasis added). The plain language of the statute indicates that it applies to "any judgment." The legislative history clarifies that the amendment to the prejudgment interest rate "applies to . . . all judgments that are entered on or after the effective date of his act." S.B. 1212, 50th Leg., 1st Session (Ariz. 2011); 2012 Ariz. Legis. Serv. Ch. 99 (H.B. 2440) (West). (Doc. 124, Exh. A) In this case, judgment has not been entered and there is no contractual agreement between the parties regarding the applicable interest rate. Because judgment will be entered after July 20, 2011, the interest rate is 4.25 percent (the lesser of 10 percent or prime plus one percent (3.25% + 1% = 4.25 %). Plaintiffs are awarded prejudgment interest from March 31, 2010 to, and including, June 15, 2012, in

- 7 -

the amount of $25,799.44 (4.25% x $274,181.01 = $11,652.69 divided by 365 days per year = $31.93 per day x 808 days = $25,799.44).

### D. Post-Judgment Interest

Plaintiffs also seek post-judgment interest. (Doc. 121) In diversity actions, post-judgment interest is governed by federal law. 28 U.S.C. § 1961; *Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). Under section 1961, post-judgment interest is calculated from the date of entry of judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a); *Thompson v. Street-Smarts, Inc.*, 2011 WL 2600744, * 13 n. 6 (D.Ariz. June 30, 2011). Companion does not oppose an award of post-judgment interest, but requests that the Court stay its consideration of Plaintiffs' interest motion and entry of judgment until the Court rules on the Companion's motion for reconsideration. The Court denied Companion's motion for reconsideration on June 11, 2012. (Doc. 133) Accordingly, Companion's request for a stay is moot and is denied.

### E. Taxable and Non-taxable Costs

The costs or expenses of litigation other than attorneys' fees are grouped as non-taxable and taxable. Absent a contractual agreement between parties to pay non-taxable litigation expenses to the prevailing, non-taxable costs are not recoverable under A.R.S. § 12–341.01; *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 402–404, 973 P.2d 106, 107–109 (Ariz. 1999); *BBQ Hut, Inc. v. Maelin Enterprises, LLC*, 2008 WL 2687685, * 4 (D.Ariz. July 3, 2008); *Beaulieu Group LLC v. Inman*, 2011 WL 5833820, * 2 (D.Ariz. November 21, 2011) (parties "expressly agree[d] to pay reasonable collection costs and/or attorney's fees incurred in connection with the collection of this account[.]").

In diversity cases, district courts award taxable costs in accordance with federal, not state, law. *Felix v. Pic-N-Run, Inc.*, 2012 WL 551645, * 4 (D.Ariz. February 21, 2012) (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (applying

federal procedure instead of state procedure to determine the amount of costs where a federal statute for costs conflicted with a state statute for costs); *Thompson*, 2011 WL 2600744 at * 14 (holding that federal law should be applied when determining taxable costs). Taxable costs can be recovered "with strict compliance" to the Federal Rules of Civil Procedure Rule 54(d)(1), LRCiv 54.1(a), and 28 U.S.C. § 1920. *Felix*, 2012 WL 551645, * 5. Under 28 U.S.C. § 1920, recoverable costs include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. section 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. section 1828].

28 U.S.C. § 1920. Thus, recoverable costs under 28 U.S.C. § 1920 include the Plaintiffs' court filing fees and "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3) and (4). "Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *U.S. ex rel. Berglund v. Boeing Co.*, 2012 WL 697140, * 4 (D.Or. February 29, 2012) (citations omitted). "However, recoverable copying costs do not include extra copies of filed papers, correspondence, and copies of cases [if] these are prepared for the convenience of the [moving] attorneys . . .[and] in-house . . . counsel" *Id.* (citation and internal quotation marks omitted). "A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient." *Id.* (citations omitted). LRCiv 54.1(a) specifies that "[a] party entitled to costs shall, within fourteen (14) days after the entry of judgment" file with the Clerk a bill of costs on a form provided by the Clerk. LRCiv 54.1(a).

Plaintiffs' request for an award of taxable costs in the amount of $2,978.24 will abide by Plaintiffs' compliance with federal law. (Doc. 120 at 15) On June 5, 2012, Plaintiffs' May 8, 2012 Bill of Costs was denied without prejudice because it was prematurely filed before judgment had been issued in the case. (Doc. 132) Plaintiffs may re-file a bill of costs on a form provided by the Clerk in strict compliance with Rule

54(d)(1), LRCiv 54.1(a), and 28 U.S.C. § 1920.

In accordance with the foregoing and the Court's April 24, 2012 order granting Plaintiffs' summary judgment motion (doc. 116),

**IT IS ORDERED** that Plaintiffs' Application for Attorneys' Fees and Costs, docs. 119-120, is **GRANTED**. Plaintiffs are awarded their attorneys' fees in the amount of $180,525.50 and taxable costs pursuant to Rule 54(d)(1), LRCiv 54.1(a), and 28 U.S.C. § 1920.

**IT IS FURTHER ORDERED** that Plaintiffs' Application for Prejudgment and Post-Judgment Interest *etc*., doc. 121, is **GRANTED** in part and **DENIED** in part. Plaintiffs are awarded prejudgment interest on the amount of $274,181.01 at the rate of 4.25% per annum in the amount of $25,799.44 for the period beginning on March 31, 2010 to the date of entry of judgment.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of Plaintiffs and against Defendant Companion in the amount of $480,505.95 plus Plaintiffs' taxable costs which shall earn post-judgment interest at the applicable federal rate of .18% from the date of entry of judgment until paid in full. The Clerk shall terminate this case.

DATED this 15th day of June, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge